IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

WILLIAM T. WULIGER,

                Plaintiff,          Case No. 3:05 CV 108

  -vs-

                                           MEMORANDUM OPINION
OFFICE OF THE COMPTROLLER            AND ORDER
OF CURRENCY, et al.,

                Defendant.

KATZ, J.

This matter is now before the Court on the motion (Doc. 58) of Plaintiff, William T. Wuliger, Receiver, for relief from this Court's memorandum opinion and judgment of September 12, 2005, granting summary judgment in favor of Defendants. Plaintiff's motion is brought pursuant to Rule 60(b)(2), (b)(5), and (b)(6) of the Federal Rules of Civil Procedure. The motion will be denied.

**I. Background**

On January 20, 2005, Plaintiff filed the Complaint in this action against Defendants, the Office of the Comptroller of the Currency (OCC), Julie L. Williams, Douglas W. Roeder, KeyBank National Association, Liberty Bank, N.A., and Star Bank, N.A., challenging the OCC's denial of Plaintiff's administrative requests for information regarding suspicious activity reports ("SARs") and related documents under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq*.

The OCC moved for summary judgment on Plaintiff's claims, contending that it had acted properly in denying Plaintiff's requests. Plaintiff opposed the OCC's motion, and filed a cross-motion for summary judgment, arguing that the OCC had exceeded its rulemaking authority in promulgating 12 C.F.R. § 21.11(k), which provides for the confidentiality of SARs. Plaintiff also

contended that "[t]he OCC's own procedures provide for a careful and considered evaluation of a request, such as the Receiver's, based upon the factors set forth in [12 C.F.R.] §§ 4.33 and 4.35. The OCC failed to address these factors in its decision [denying Plaintiff's SAR request]." (Doc. 33 at 10).

The Court granted summary judgment for Defendants, holding that the OCC's denial of Plaintiff's requests was not arbitrary and capricious. The Court found that § 12.11(k) was consistent with its authorizing legislation and a reasonable implementation of the statutory provision regarding the reporting and disclosure of SARs.

Subsequent to this Court's September 12, 2005 summary judgment opinion, the Eastern District of Louisiana handed down its decision in *Bizcapital Business & Indus. Dev. Corp. v. OCC*, 406 F.Supp.2d 688 (E.D. La. 2005), an unrelated case raising similar issues relating to § 21.11(k) and the confidentiality of SARs. The *Bizcapital* Court, however, expressly declined to follow this Court's summary judgment ruling, despite finding it "directly on point with the case before the Court," because it found its analysis "unconvincing." *Id*. at 695.

The *Bizcapital* Court framed the issue before it as whether the OCC could deny an administrative request for a SAR without individual consideration on the ground that "the OCC itself is absolutely prohibited from revealing information about the filing of a SAR to third parties." 406 F. Supp. 2d. at 693. Finding that § 21.11(k) did not "create an absolute prohibition on SAR disclosure by the OCC itself," but only prohibited banks from disclosing SARs, the *Bizcapital* Court rejected the OCC's interpretation of § 21.11(k) as an absolute prohibition on disclosure of SARs. *Id*. at 693. The *Bizcapital* Court chastised this Court for "mak[ing] an unwarranted leap from a finding that the regulations are reasonable and SARs are confidential to

2

the conclusion that an administrative request should be denied without weighing the competing interests." *Id.* at 696.

The OCC appealed the *Bizcapital* decision to the Fifth Circuit. It did not contest the district court's conclusion that SARs are subject to the balancing test set forth in 12 C.F.R. §§ 4.31-4.40, as opposed to being categorically privileged. *Bizcapital Business & Indus. Dev. Corp. v. Comptroller of the Currency*, 467 F.3d 871, 873 (5th Cir. 2006). Instead, the OCC argued that a remand, as opposed to an outright grant of the plaintiff's SAR request, was warranted, so that the OCC could evaluate the plaintiff's request under the balancing test. The Firth Circuit agreed, rejecting the district court's finding that such a remand would be futile.

## II. Discussion

Plaintiff argues that the OCC's concession before the Fifth Circuit to the effect that it had been applying an incorrect legal standard to SAR requests warrants relief from the judgment in this case. Specifically, he contends that the OCC's concession in the Fifth Circuit constitutes "newly discovered evidence" within the meaning of Fed. R. Civ. P. 60(b)(2); makes prospective application of this Court's earlier ruling "no longer equitable" under Fed. R. Civ. P. 60(b)(5); and "justifies relief" under Fed. R. Civ. P. 60(b)(6). The Court cannot accept any of these theories.

"Cases construing 'newly discovered evidence,' either under 60(b)(2) or Rule 59, uniformly hold that evidence of events occurring after the trial is not newly discovered evidence within the meaning of the rules." *Corex Corp. v. United States*, 638 F.2d 119, 121 (9th Cir. 1981). Because the OCC's "admission" before the Fifth Circuit occurred well after this Court's summary judgment ruling in this case, it does not qualify as "newly discovered evidence" and thus cannot furnish a basis for relief under Rule 60(b)(2). In briefing both before this Court and the *Bizcapital*

3

Court, the OCC vigorously maintained that 12 C.F.R. § 21.11(k) absolutely prohibited it from disclosing SARs; any "evidence" that the OCC did not regard this as the proper standard came into existence only after the ruling in *Bizcapital*.

Under Rule 60(b)(5), the Court may relieve the party of a final judgment where "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." However, "Rule 60(b)(5) does not apply when a later precedent overturns a rule relied upon by a prior case. The 'prior judgment,' 'reversed or otherwise vacated,' must be related to the same proceeding." *Wogoman v. Abramaijtys*, 243 Fed. Appx. 885, 888 (6th Cir. June 19, 2007). Because the OCC's concession before the Fifth Circuit in *Bizcapital* occurred in a different proceeding from the present one, Rule 60(b)(5) does not provide a ground for relief from the judgment in this case.

Finally, Plaintiff contends that general equitable considerations flowing from *Bizcapital* justify relief in this case under 60(b)(5) or 60(b)(6). The Court does not agree.

"Courts . . . must apply subsection (b)(6) only as a means to achieve substantial justice when something more than one of the grounds contained in Rule 60(b)'s first five clauses is present. The 'something more' . . . must include unusual and extreme situations where principles of equity *mandate* relief." *Ford Motor Co. v. Mustangs Unlimited*, 487 F.3d. 465, 468 (6th Cir. 2007) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir.1990)) (emphasis in original). As the Sixth Circuit has stated:

> Certainly it was not the purpose of [Rule 60(b)] to permit a final judgment to be set aside whenever thereafter any case from another jurisdiction involving the same question and decided the same way is later reversed by an Appellate Court. If such was the rule, so-called final judgments would lose most of their finality.

*Berryhill v. United States*, 199 F.2d 217, 219 (6th Cir. 1952).

4

In this case, the interest in maintaining the finality of judgments outweighs Plaintiff's interest in relitigating the issues raised during motion practice. Plaintiff has had ample opportunity already to press the arguments he believes entitle him to relief in this case, as well as the opportunity to challenge this Court's unfavorable summary judgment ruling before the appeals court. The fact that Plaintiff's litigating position might have been bolstered by subsequent rulings in the *Bizcapital* case does not entitle him to reopen the judgment here. See *Berryhill*, 199 F.2d at 219 ("It appears to be the settled rule that a change in the judicial view of the applicable law, after a final judgment, is not a basis for vacating a judgment entered before announcement of the change."). Nor does the Court agree that the OCC's decision not to appeal portions of the *Bizcapital* ruling creates the sort of "unusual and extreme situation" that would mandate Rule 60(b)(6) relief.

**III. Conclusion**

For the foregoing reasons, Plaintiff's motion for relief from judgment (Doc. 58) is denied.

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE